UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REBECCA SMITH,

                       Plaintiff,

v.                                         Index No.

PITTSFORD SCHOOL DISTRICT.

                       Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 2000e5.

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. The Plaintiff, Ms. Rebecca D. Smith, is a female born in 1981.

5. The Plaintiff resides at 7591 Wetmore Road, Wayland, New York 14572.

6. The Defendant Pittsford School District is municipality organized and existing under the laws of the State of New York.

7. That from August of 2006 through August 14, 2013, Plaintiff was an employee of Pittsford School District.

8. Defendant Pittsford School District is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. At all relevant times herein, the Defendant exercised control over the Plaintiff.

10. At all relevant times herein, Plaintiff took direction the Defendant.

11. At all relevant times herein Defendant and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

## IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

12. That in or about May 21, 2014, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary she had prepared of the discrimination and harassment she suffered while in the employ of the Defendants as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

13. On July 8, 2014, EEOC mailed papers to the Plaintiff acknowledging said charge was received and filed by the EEOC. A copy of said charge is annexed hereto as Exhibit A.

14. On or about January 27, 2016, the EEOC mailed a letter to the Plaintiff stating that the case had been transferred to the Department of Justice. A copy of the aforementioned letter is attached as Exhibit B.

15. On or about August 18, 2016, the EEOC mailed Plaintiff a "Right to Sue" letter advising her of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit C.

## V. FACTS

16. Plaintiff was employed with the Pittsford School District as a school bus driver and cafeteria monitor from August 2006 until August 14, 2013 when Plaintiff was terminated.

17. During April of 2010, Plaintiff suffered a workplace injury to her right ankle and right knee due to a slip and fall.

18. As a result, she was out of work until approximately June 2011.

19. On or about June 2011, Plaintiff was cleared by her doctors to return to work and the Defendant accepted her back upon demonstrating that she was able to pass the school districts' fitness standard. At this time, per her doctor's orders, she wore an ankle brace as needed but was able to fully work once again.

2

20. In January 2012, Plaintiff suffered another slip and fall at work. However, Plaintiff was able to overcome the injury and it did not affect her ability to work until June of 2012 when she started to experience neck and shoulder pain from the January workplace accident.

21. Plaintiff was taken out of work in June 2012 by her doctors and had surgeries in February 2013 and April 2013 to address injuries to her shoulder and knee (these injuries were from the first slip and fall in 2010). Plaintiff was cleared by her doctor to return to work September 9, 2014 with no restrictions. Plaintiff's doctor, as done in the past, ordered that she wear a knee brace as needed but that she was otherwise cleared to return to work.

22. Despite Plaintiff providing her doctor's note to her employer, Defendant sent Plaintiff a letter dated July 29, 2013 stating that they were in receipt of Plaintiff's doctor's note but that she could not return to work as she had the restriction of wearing the knee brace.

23. Upon receipt of this letter, Plaintiff contacted her immediate supervisor, Mary Caldicott. Ms. Caldicott told me Plaintiff she could not return to work as long as she had to wear the knee brace. Plaintiff explained to her that she was cleared and that in the past she wore an ankle brace and that this was no different. Ms. Caldicott told Plaintiff this was different and that she would have to speak with Marcia L. Holmes.

24. Upon speaking with Ms. Holmes, Plaintiff was told that there was nothing they could do for her. Plaintiff then received a letter dated August 14, 2014 from Ms. Holmes stating that she has been on a leave of absence since August 2012 and that Plaintiff had not provided Defendant with any doctor's note since October 2012 stating that she was totally disabled and unable to return to work. Moreover, since Plaintiff's absence has been over a year, Plaintiff was now terminated.

25. Defendant refused to acknowledge Plaintiff's doctor's note stating she was able to return to work as well as failed to provide Plaintiff with a reasonable accommodation in allowing her to work while wearing a knee brace.

26. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to her disability.

27. That Plaintiff was subjected to discriminatory conduct by the Defendants that created an offensive work environment on the basis of her disability

28. Defendant's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

29. Despite the Plaintiff's complaints about being discriminated against due to her medical condition, the Defendant's took insufficient corrective action, and condoned said discrimination.

30. That Defendant failed to provide any reasonable accommodations to the Plaintiff that would allow her to perform her job.

31. That despite Plaintiff's medical condition not preventing her from performing the requisite duties of her job, Defendant terminated the Defendant based on her medical condition.

32. As a result of Defendant's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: November 16, 2016

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com
khiller@kennethhiller.com

4